UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOPURE LABS, LLC,

        Plaintiff,

v.                                    Case No:

Atomized Labs d/b/a Evolve E-Liquid,
www.evolveeliquidusa.com,
www.whyevolve.com, and 21 Vape Street        **Injunctive Relief Requested**

        Defendant.

## COMPLAINT

Plaintiff, Nicopure Labs, LLC sues Defendant, Atomized Labs d/b/a Evolve E-Liquid, www.evolveeliquidusa.com, www.whyevolve.com, and 21 Vape Street, as follows:

### NATURE OF THE ACTION

1.    This action is brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, false advertising, false designation of origin, and unfair competition. Plaintiff also brings state law claims for misleading advertising and deceptive and unfair trade practices.

### JURISDICTION AND VENUE

2.    Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1). Plaintiff's claims under 15 U.S.C. §§ 1114 & 1125, and pendant and related state law

claims, all arising from Defendant's wrongful and unlawful use of Plaintiff's trademark(s), and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

3.     Defendant has committed acts of trademark infringement and unfair competition within this judicial district.

4.     Personal jurisdiction over Defendant is vested in this Court by virtue of (a) Defendant's general presence within Florida due to its offering for sale of its products within the state; and (b) Defendant's specific presence within Florida due to it selling and offering to sell within Florida the goods at issue in this complaint.

5.     Venue over the within cause is proper in this Court pursuant to 28 U.S.C. 1391 in that Defendant or its agents may be found in this District, Plaintiff's claim arises within this District, Plaintiff resides in this District, and Defendant has committed tortuous acts within this District and has committed tortuous acts outside this District which impact Plaintiff within this District.

## PARTIES

6.     Plaintiff is a Florida limited liability corporation with its principal place of business located at, 7916 Evolutions Way, Suite, 200, Trinity, Pasco County, Florida 34655.

7.     Defendant is a limited liability company organized under the laws of the State of North Carolina with its principle place of business located at 601 N. Kinston Blvd. #2, Post Office Box 35, Pink Hill, North Carolina, 28572.

8.     Upon information and belief, Defendant runs its business through several d/b/a(s), including Evolve E-liquid, which is organized under the laws of the State of

North Carolina with its principle place of business located at Atomized Labs, LLC, Post Office Box 35, 601 N. Kinston Blvd., #2, Pink Hill, NC 28572. Evolve E-liquid operates the website http://www.evolveeliquidusa.com.

9.      Defendant also operates the website http://www.21vapestreet.com and http://whyevolve.com/whyevolve.html, both of whom are self-identified members of Atomized Labs, LLC, with the same principle address of 601 N. Kinston Blvd., #2, Pink Hill, NC 28572

## GENERAL ALLEGATIONS

A.      **Plaintiff's EVO® Marks**

10.      Plaintiff is a leading marketer and seller of hi-quality electronic cigarettes ("e-cigs"), e-liquids, vaporizers and all related components.

11.      Plaintiff was founded in 2009 to provide smokers and non-smokers an alternative, high quality nicotine delivery system.

12.      Plaintiff is the exclusive owner of all rights, title and interest to the following United States trademarks:

(i)      EVO®, U.S. Registration No. 4,591,059, as used since at least as early as November 2010 in connection with Cartridges sold filled with propylene glycol for electronic cigarettes; Chemical flavorings in liquid form used to refill electronic cigarette cartridges in Classes 1 and 30. Reg. Date: August 26, 2014; First Use in Commerce: November 1, 2010.

(ii)      EVO VAPOR®, U.S. Registration No. 4,631,686, as used since at least as early   as January 11, 2011 in connection with Electronic cigarette liquid

(e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin in ®Class 1. Reg. Date: November 4, 2014; First Use in Commerce: January 11, 2011.

(iii)   ® VAPOR®, U.S. Registration No. 4,483,273, as used since at least as early as July 2010 in connection with Electronic cigarettes in Class 34. Reg. Date: February 18, 2014; First Use in Commerce: July 2010.

(iv)   EVOPURE, U.S. Serial No. 86,165,783, before the U.S. Patent and Trademark Office, in connection with Cartridges sold filled with propylene glycol for electronic cigarettes; Electronic cigarettes in Classes 1 and 34.

The registrations in the above marks are referred to collectively as "The EVO® Marks." A copy of the registration certificates are attached as **Exhibit A**. A copy of the assignments relating to the above referenced EVO® Marks is attached as **Exhibit B**.

11.     All of the trademark registrations set forth above are valid, unrevoked and uncancelled. The registration of those marks constitutes prima facie evidence of their validity and conclusive evidence of Plaintiff's exclusive right to use The EVO® Marks in commerce.

12.     Plaintiff is the sole and exclusive owner of The EVO® Marks as used in connection with the goods referred to in each registration and of all of the goodwill associated therewith.

13.     Plaintiff's EVO® Marks are symbolic of the goodwill and consumer recognition built up by Plaintiff through substantial amounts of time and effort in advertising and promotion.

14.    For the past four (4) years without interruption, Plaintiff has expended considerable resources of both time and money in the promotion of its EVO® Marks in association with its e-cig and vaporizer business.

15.    Plaintiff has been relied upon as a provider of high quality e-cigs and vaporizers for sale in retail outlets online and across the country under its EVO® Marks since 2010.

16.    Plaintiff has been relied upon as a provider of the highest quality, American made e-liquid for use in its e-cigs and vaporizers for sale in retail outlets online and across the country under its EVO® Marks since 2010.

17.    Plaintiff maintains and operates a website advertising its services at halocigs.com.

18.    Plaintiff has worked diligently to cultivate and preserve its reputation as a provider of high quality products with an understanding that confidence in these standards under its EVO® Marks is essential in continuing and promoting its services. By virtue of Plaintiff's high quality standard and reputation achieved through such standards, its EVO® Marks is well known and respected in the e-cig and vaporizer industry across the United States.

**B.    Defendant's Infringing Activities**

19.    Defendant is the designer and manufacturer of a line of e-liquids under the mark EVOLVE.

20.    Defendant has undertaken an advertising campaign, including internet marketing        on        the        websites:        http://www.evolveeliquidusa.com,

http://www.21vapestreet.com, and http://whyevolve.com/whyevolve.html, which improperly suggests an association with Plaintiff's registered EVO® Marks where there is none.

21.    In view of the similarities of the respective marks, Defendant's unauthorized use of its EVOLVE Mark is likely to cause consumer confusion with the EVO® Marks or to cause mistake or to deceive the consuming public.

22.    Defendant's continued unauthorized use of its EVOLVE Mark is deceptive because it falsely suggests a connection with Plaintiff's EVO® Marks, the prior user and registered owner of the marks.

23.    Defendant has no legitimate reason for its unauthorized use of its EVOLVE Mark other than to unjustly enrich itself by capitalizing on Plaintiff's reputation and goodwill.

**COUNT I:**
**Infringement of a Registered Trademark Under Section 32(a) of the Lanham Act,**
**(15 U.S.C. § 1114(1)(a))**
**(Injunctive Relief and Damages)**

24.    Plaintiff incorporates the general allegations above.

25.    Defendant's use of its EVOLVE Mark, a colorable imitation of Plaintiff's EVO® Marks, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

26.    Defendant knowingly and willfully used and continues to use its EVOLVE Mark despite its knowledge of Plaintiff's prior rights to their EVO® Marks.

27.    Defendant's use of its EVOLVE Mark has caused and is likely to continue to cause confusion with Plaintiff's EVO® Marks.

28.     Plaintiff has been damaged and will continue to be damaged by Defendant's unauthorized use of its EVOLVE Mark, which injury consists of, without limitation, monetary loss and irreparable injury to Plaintiff's goodwill.

29.     Defendant's infringement and commercial use of its EVOLVE Mark is ongoing and will continue unless enjoined by this Court.

30.     There is no plain, speedy or adequate remedy at law, and unless Defendant is enjoined from any further unauthorized use of its EVOLVE Mark, such use is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's EVO® Marks, Plaintiff will be irreparably harmed.

31.     As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

## COUNT II
**Trademark Infringement Under § 43(a) of the Lanham Act, (15 U.S.C. §§ 1125(a))
(Injunctive Relief and Damages)**

32.     Plaintiff incorporates the general allegations above.

33.     Defendant has violated, and will continue to violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using in interstate commerce, without the consent of Plaintiff, its EVOLVE Mark in connection with Defendant's trade names, domain names, online public listings and advertisements.

34.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's infringement and commercial use of its EVOLVE Mark creates a likelihood of confusion among consumers with Plaintiff's EVO® Marks, is ongoing and continuing and will continue unless enjoined by this court.

35.    By virtue of these acts by Defendant, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendant is permanently enjoined by this Court from using its EVOLVE Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's EVO® Marks.

36.    As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

### COUNT III
**Misrepresentation, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**
**(Injunctive Relief and Damages)**

37.    Plaintiff incorporates the general allegations above.

38.    As a result of Plaintiff's long-standing use of its EVO® Marks throughout both Florida and the United States, Plaintiff's EVO® Marks have achieved substantial goodwill, recognition and reputation in the e-cig and vaporizer industry.

39.    By willfully adopting and using its EVOLVE Mark, Defendant has held itself out to the world as the rightful owner of Plaintiff's EVO® Marks. Defendant has knowingly made a false or misleading description or representation of fact in commerce.

40.    Defendant has also made material false statements of fact concerning Defendant's reference to itself as "EVOLVE" since it operates in a field where a reference to "EVO" refers to the Plaintiff.

41.    Defendant's false statements have actually deceived numerous third parties or have a tendency to deceive a substantial portion of the marketplace.

42.     Defendant's deception is material because it causes, or tends to cause the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiff when it is not.

43.     Plaintiff is, and will continue to be, damaged by Defendant's unauthorized use, which injury consists of, without limitation, monetary loss, irreparable injury and erosion of the distinctiveness and goodwill that adheres in Plaintiff's EVO® Marks.

44.     These false representations misrepresent the nature, characteristics, and/or qualities of Plaintiff's services or commercial activities by implying to the marketplace that Defendant and Plaintiff are one and the same.

45.     Defendant's false and misleading descriptions and misleading representations of fact have resulted in a likelihood of confusion in commerce, whereby numerous ordinary prudent consumers of Plaintiff's goods have been, and are likely to be, misled into believing that Defendant and Plaintiff are the same organization.

45.     Defendant's unauthorized use of its EVOLVE Mark constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant to Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff..   These acts by the Defendant constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendant knowingly and willfully used and continues to use its EVOLVE Mark, despite its knowledge of Plaintiff's prior and superior trademark rights to Plaintiff's EVO® Marks.

47. Defendant has solicited business using its EVOLVE Mark thereby taking unauthorized advantage of the goodwill of Plaintiff's EVO® Marks.

48. These acts by the Defendant constitutes unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. 1125(a).

49. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendant's actions, unless Defendant is enjoined from engaging in misrepresentation.

50. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

## COUNT IV
### Misleading Advertising (§817.41, Florida Statutes)

51. Plaintiff incorporates the general allegations above.

52. Through its actions described above, Defendant made or disseminated, or caused to be made or disseminated, to the general public of Florida or a portion thereof advertising which identifies itself as selling products under the EVOLVE Mark.

53. Those advertisements were misleading in that Defendant knowingly and intentionally falsely suggested that its products operate under the EVOLVE Mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiff's EVO® Marks.

54.    The above misrepresentations were material, as they deceived consumers about the nature and quality of Defendant's product and service, and induced consumers to patronize Defendant's business instead of purchasing Plaintiff's products, or they are substantially likely to do so.

55.    Defendant knew or should have known that its advertisements were misleading, and that the representations in the advertisements were false.

56.    Defendant intended that the false representations would induce consumers to act on them.

57.    By virtue of these acts by the Defendant, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless the Defendant is preliminarily and permanently enjoined by this Court from using its EVOLVE Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiff's EVO® Marks.

58.    For those acts committed prior to the issuance of an injunction, Plaintiff requests restitution of Defendant's profits in an amount to be shown at any trial of this action.

59.    Plaintiff is further entitled to compensatory damages based on Plaintiff's loss of profits and damage to its goodwill and business reputation that have been caused by Defendant's unfair and competitive acts.

60.    As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

## COUNT V
### Unjust Enrichment

61.     Plaintiff incorporates the general allegations above.

62.     Defendant has unfairly and unlawfully used its EVOLVE Mark, creating confusion with Plaintiff's EVO® Marks, for Defendant's own enrichment and Defendant seeks to reap where it has not sown.

63.     Defendant did so and continues to do so knowing it they had no right to Plaintiff's EVO® Marks.

64.     If Defendant is permitted to exercise ownership over or to interfere with Plaintiff's lawful claims of ownership over its EVO® Marks, Defendant will be unjustly enriched at Plaintiff's expense.

65.     As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

## COUNT VI
### Tortious Interference With Prospective Economic Advantage

66.     Plaintiff incorporates the general allegations above.

67.     With knowledge of the Plaintiff's EVO® Marks and related information, and the existence of relationships between customers and Plaintiff, Defendant has tortuously interfered with Plaintiff's prospective economic advantage.

68.     Defendant has wrongfully used its EVOLVE Mark to piggyback off of Plaintiff's EVO® Marks, reputation, and goodwill to unfairly compete, to interfere with the Plaintiff's relationships with its customers and consumers, and to deprive the Plaintiff of sales and business that would have been available to it.

69.     These acts were committed with the intent to injure the Plaintiff's current and future business expectancies with customers and consumers.

70.     As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

### COUNT VII
### Unfair and Deceptive Trade Practices
### (§501.201, et. seq., Florida Statutes)

71.     Plaintiff incorporates the general allegations and the allegations in Counts I-VI above.

72.     Defendant's trademark infringement, unfair competition, false and misleading advertising, deceptive advertising, and unauthorized use of its EVOLVE Mark, creating confusion with Plaintiff's EVO® Marks, constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

73.     By reason of Defendant's actions, Plaintiff has suffered irreparable harm to its reputation, lost business and business opportunities, and its associated goodwill. Unless Defendant is preliminarily and permanently enjoined from its actions, Plaintiff will continue to be irreparably harmed.

74.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

A.     That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

1.     Stop using its EVOLVE Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive including but not limited to the term EVOLVE;

2.     Stop using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

3.     Take all steps necessary to remove its EVOLVE Mark or any other name, mark or symbol likely to cause confusion with Plaintiff's EVO® Marks, from any brochures, advertisements, internet listings and/or advertisements, or any other materials printed or to be printed or distributed (including internet distribution); and

4.     Hold all proceeds from the sale of their EVOLVE line of e-liquids which is causing confusion with Plaintiff's EVO® Marks, in constructive trust for Plaintiff;

B.     That Plaintiff obtains the following relief:

1.     An accounting and restitution of any profits the Defendant has gained through the use of its EVOLVE Mark pursuant to 15 U.S.C. § 1117;

2.      All compensatory damages pled and proved in an amount to be determined at trial pursuant to 15 U.S.C. § 1117;

3.      For attorneys' fees and costs in the suit herein;

4.      Damages for willful infringement pursuant to Title 15 U.S.C. § 1117 plus punitive damages;

5.      An order granting immediate permanent injunctive relief necessary to prevent Defendant's continued violation of Plaintiff's EVO® Marks, and to prevent the irreparable harm that would flow to Plaintiff from such interference; and

6.      Such other and further relief as to this Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which Plaintiff has a right to trial by jury.

Date:   January 27, 2015

/s/ David L. Luikart
David L. Luikart III – Trial Counsel
Florida Bar No. 21079
dave.luikart@hwhlaw.com
Patrick M. Causey
Florida Bar No. 86443
Patrick.causey@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Plaintiff

6279315v1

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# Evo

**Reg. No. 4,591,059**

**Registered Aug. 26, 2014**

**Int. Cls.: 1 and 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

NICOPURE LABS, LLC (NEW JERSEY LIMITED LIABILITY COMPANY)
231 WEST PARKWAY
SUITE 7
POMPTON PLAINS, NJ 07444

FOR: CARTRIDGES SOLD FILLED WITH PROPYLENE GLYCOL FOR ELECTRONIC CIGARETTES, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 11-1-2010; IN COMMERCE 11-1-2010.

FOR: CHEMICAL FLAVORINGS IN LIQUID FORM USED TO REFILL ELECTRONIC CIGARETTE CARTRIDGES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 11-1-2010; IN COMMERCE 11-1-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-788,057, FILED 11-27-2012.

JAMES STEIN, EXAMINING ATTORNEY



*Michelle K. Lee*

Deputy Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
> reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,591,059

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,631,686**

**Registered Nov. 4, 2014**

**Int. Cl.: 1**

**TRADEMARK**

**PRINCIPAL REGISTER**

NICOPURE LABS, LLC (NEW JERSEY LIMITED LIABILITY COMPANY)
231 WEST PARKWAY
POMPTON PLAINS, NJ 07444

FOR: ELECTRONIC CIGARETTE LIQUID (E-LIQUID) COMPRISED OF PROPYLENE GLYCOL; ELECTRONIC CIGARETTE LIQUID (E-LIQUID) COMPRISED OF VEGETABLE GLYCERIN , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 1-11-2011; IN COMMERCE 1-11-2011.

OWNER OF U.S. REG. NO. 4,483,273.

THE COLOR(S) BLACK, GOLD, AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "VAPOR", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE STYLIZED GOLD WORD "EVO" WITH BLACK SHADING ABOVE A SMALLER STYLIZED GOLD WORD "VAPOR" WITH BLACK SHADING THAT IS SLIGHTLY TO THE BOTTOM RIGHT OF THE LARGER WORD. SURROUNDING BOTH WORDS ARE BLACK AND WHITE SHADED HALF MOONS.

SER. NO. 86-222,425, FILED 3-16-2014.

CHRISTINA SOBRAL, EXAMINING ATTORNEY

*Michelle K. Lee*

Deputy Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,631,686

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,483,273**
**Registered Feb. 18, 2014**

2D ENTERPRISES, INC. (KANSAS CORPORATION)
2229 HARBORLIGHT COURT
WICHITA, KS 67204

**Int. Cl.: 34**

FOR: ELECTRONIC CIGARETTES, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 7-0-2010; IN COMMERCE 7-0-2010.

**TRADEMARK**

**PRINCIPAL REGISTER**

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "VAPOR", APART FROM THE MARK AS SHOWN.

THE COLOR(S) GOLD, BLACK AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE STYLIZED GOLD WORD "EVO" WITH BLACK SHADING ABOVE A SMALLER STYLIZED GOLD WORD "VAPOR" WITH BLACK SHADING THAT IS SLIGHTLY TO THE BOTTOM RIGHT OF THE LARGER WORD. SURROUNDING BOTH WORDS ARE BLACK AND WHITE SHADED HALF MOONS.

SER. NO. 85-411,046, FILED 8-30-2011.

HEATHER THOMPSON, EXAMINING ATTORNEY



*Michelle K. Lee*

Deputy Director of the United States
Patent and Trademark Office

> ### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> ### TRADEMARK REGISTRATION
>
> ### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> ### DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> ### The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
> ### reminder of these filing requirements.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**

From:      TMOfficialNotices@USPTO.GOV
Sent:      Tuesday, August 26, 2014 00:06 AM
To:      ingber.law@verizon.net
Subject:      Official USPTO Notice of Allowance: U.S. Trademark SN 86165783: EVOPURE

## NOTICE OF ALLOWANCE (NOA)

## ISSUE DATE: Aug 26, 2014

**Serial Number:**  86165783
**Mark:**  EVOPURE
**Docket/Reference Number:**

**No opposition was filed for this published application. The issue date of this NOA establishes the due date for the filing of a Statement of Use (SOU) or a Request for Extension of Time to file a Statement of Use (Extension Request). WARNING: An SOU that meets all legal requirements must be filed before a registration certificate can issue. Please read below for important information regarding the applicant's pending six (6) month deadline.**

**SIX (6)-MONTH DEADLINE: Applicant has six (6) MONTHS from the NOA issue date to file either:**

- An SOU, if the applicant is using the mark in commerce (required even if the applicant was using the mark at the time of filing the application, if use basis was not specified originally);  **OR**
- An Extension Request, if the applicant is not yet using the mark in commerce.  If an Extension Request is filed, a new request must be filed every six (6) months until the SOU is filed.  The applicant may file a total of five (5) extension requests.  **WARNING:** An SOU may **not** be filed more than thirty-six (36) months from when the NOA issued.  The deadline for filing is always calculated from the issue date of the NOA.

**How to file SOU and/or Extension Request:**
Use the Trademark Electronic Application System (TEAS).  Do **NOT** reply to this e-mail, as e-mailed filings will **NOT** be processed.  Both the SOU and Extension Request have many legal requirements, including fees and verified statements; therefore, please use the USPTO forms available online at http://www.uspto.gov/teas/index.html (under the "INTENT-TO-USE (ITU) FORMS" category) to avoid the possible omission of required information.  If you have questions about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

For information on how to (1) divide an application; (2) delete goods/services (or entire class) with a Section 1(b) basis; or (3) change filing basis, see http://www.uspto.gov/trademarks/basics/MoreInfo_SOU_EXT.jsp.

**FAILURE TO FILE A REQUIRED DOCUMENT OUTLINED ABOVE DURING THE APPROPRIATE TIME PERIOD <u>WILL RESULT IN THE ABANDONMENT OF THIS APPLICATION.</u>**

## REVIEW APPLICATION INFORMATION FOR ACCURACY

If you believe this NOA should not have issued or correction of the information shown below is needed, you must submit a request to the Intent-to-Use Unit.  Please use the "Post-Publication Amendment" form under the "POST-PUBLICATION/POST NOTICE OF ALLOWANCE (NOA) FORMS" category, available at http://www.uspto.gov/teas/index.html.  Do **NOT** reply to this e-mail, as e-mailed filings will NOT be processed.

**Serial Number:**      86165783
**Mark:**      EVOPURE
**Docket/Reference Number:**
**Owner:**      Nicopure Labs, LLC
      2 Kiel Ave., Unit 123
      Kinnelon , NEW JERSEY   07405
**Correspondence Address:**      MARK J. INGBER
      THE INGBER LAW FIRM
      374 MILLBURN AVE

MILLBURN, NJ 07041-1358

**This application has the following bases, but not necessarily for all listed goods/services:**

    Section 1(a): NO          Section 1(b): YES          Section 44(e): NO

**GOODS/SERVICES BY INTERNATIONAL CLASS**

001 -     Cartridges sold filled with propylene glycol for electronic cigarettes -- FIRST USE DATE: NONE; -- USE IN COMMERCE DATE: NONE

034 -     Electronic cigarettes -- FIRST USE DATE: NONE; -- USE IN COMMERCE DATE: NONE

**ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED.**

**Fraudulent statements may result in registration being cancelled:** Applicants must ensure that statements made in filings to the USPTO are accurate, as inaccuracies may result in the cancellation of any issued trademark registration. The lack of a bona fide intention to use the mark with ALL goods and/or services listed in an application or the lack of actual use on all goods and/or services for which use is claimed could jeopardize the validity of the registration, possibly resulting in its cancellation.

**Additional information:** For information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at www.uspto.gov or call the Trademark Assistance Center at 1-800-786-9199.

**Checking status:** To check the status of an application, go to http://tarr.uspto.gov. Please check the status of any application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=86165783. NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

# EXHIBIT B



## United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

# Trademark Assignment Details

Reel/Frame: 5261/0037    View Recorded Assignment 🗐    Pages: 3

Conveyance: ASSIGNS THE ENTIRE INTEREST    Recorded: 04/15/2014

**Total properties: 2**

| 1 | Serial #: 85411046 | Filing Dt: 08/30/2011 | Reg #: 4483273 | Reg. Dt: 02/18/2014 |
| | Mark: EVO VAPOR | | | |
| 2 | Serial #: 86222425 | Filing Dt: 03/16/2014 | Reg #: 4631686 | Reg. Dt: 11/04/2014 |
| | Mark: EVO VAPOR | | | |

**Assignor**

1  2D ENTERPRISES, INC.    Exec Dt: 04/11/2014
**Entity Type:** CORPORATION
**Citizenship:** KANSAS

**Assignee**

1  NICOPURE LABS, LLC    **Entity Type:** LIMITED LIABILITY COMPANY
231 WEST PARKWAY    **Citizenship:** NEW JERSEY
POMPTON PLAINS, NEW JERSEY 07444

**Correspondence name and address**
MARK INGBER
374 MILLBURN AVENUE
MILLBURN, NJ 07041

Search Results as of: 01/06/2015 03:50 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5
Web interface last modified: July 25, 2014 v.2.5

| HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



Assignments on the Web > Trademark Query



## Trademark Assignment Details

| | | |
|---|---|---|
| Reel/Frame: 5360/0067 | View Recorded Assignment | **Pages:** 14 |
| | | Recorded: 09/10/2014 |

**Attorney Dkt #:** NICOPURE MERGER RECORDING
**Conveyance:** MERGER AND CHANGE OF NAME EFFECTIVE 09/01/2014

### Total properties: 7

| # | | Filing Dt | Reg # | Reg. Dt |
|---|---|---|---|---|
| 1 | Serial #: 85411046 <br> Mark: EVO VAPOR | Filing Dt: 08/30/2011 | Reg #: 4483273 | Reg. Dt: 02/18/2014 |
| 2 | Serial #: 85736704 <br> Mark: NICOPURE | Filing Dt: 09/24/2012 | Reg #: 4342014 | Reg. Dt: 05/28/2013 |
| 3 | Serial #: 85788057 <br> Mark: EVO | Filing Dt: 11/27/2012 | Reg #: 4591059 | Reg. Dt: 08/26/2014 |
| 4 | Serial #: 85933263 <br> Mark: NICOPURE | Filing Dt: 05/15/2013 | Reg #: 4458857 | Reg. Dt: 12/31/2013 |
| 5 | Serial #: 86081031 <br> Mark: NICOPURE LABS | Filing Dt: 10/02/2013 | Reg #: 4542918 | Reg. Dt: 06/03/2014 |
| 6 | Serial #: 86165783 <br> Mark: EVOPURE | Filing Dt: 01/15/2014 | Reg #: NONE | Reg. Dt: |
| 7 | Serial #: 86222425 <br> Mark: EVO VAPOR | Filing Dt: 03/16/2014 | Reg #: 4631686 | Reg. Dt: 11/04/2014 |

### Assignor
1    NICOPURE LABS, LLC

> **Exec Dt:** 08/27/2014
> **Entity Type:** LIMITED LIABILITY COMPANY
> **Citizenship:** NEW JERSEY

### Newly Merged Entity Data
1    NICOPURE LABS, LLC

> **Exec Dt:** 08/27/2014
> **Entity Type:** LIMITED LIABILITY COMPANY
> **Citizenship:** FLORIDA

### Newly Merged Entity's New Name
1    NICOPURE LABS, LLC
     5909 NW 18TH DR.
     GAINESVILLE, FLORIDA 32653

> **Entity Type:** CORPORATION
> **Citizenship:** FLORIDA

### Correspondence name and address
     MARK J. INGBER
     374 MILLBURN AVE., STE 301

MILLBURN, NJ 07041

Search Results as of 01/06/2015 03:44 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5
Web interface last modified: July 25, 2014 v.2.5

| HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



Assignments on the Web > Trademark Query

# Trademark Assignment Details

**Reel/Frame:** 5427/0153                                                                                    **Pages:** 16

**Recorded:** 12/24/2014

**Conveyance:** CORRECTIVE ASSIGNMENT TO CORRECT THE RECEIVING PARTY'S ENTITY TYPE PREVIOUSLY RECORDED AT REEL: 005360 FRAME: 0067. ASSIGNOR(S) HEREBY CONFIRMS THE MERGER AND CHANGE OF NAME.

## Total properties: 7

| | | | | |
|---|---|---|---|---|
| 1 | **Serial #:** 85411046<br>**Mark:** EVO VAPOR | **Filing Dt:** 08/30/2011 | **Reg #:** 4483273 | **Reg. Dt:** 02/18/2014 |
| 2 | **Serial #:** 85736704<br>**Mark:** NICOPURE | **Filing Dt:** 09/24/2012 | **Reg #:** 4342014 | **Reg. Dt:** 05/28/2013 |
| 3 | **Serial #:** 85788057<br>**Mark:** EVO | **Filing Dt:** 11/27/2012 | **Reg #:** 4591059 | **Reg. Dt:** 08/26/2014 |
| 4 | **Serial #:** 85933263<br>**Mark:** NICOPURE | **Filing Dt:** 05/15/2013 | **Reg #:** 4458857 | **Reg. Dt:** 12/31/2013 |
| 5 | **Serial #:** 86081031<br>**Mark:** NICOPURE LABS | **Filing Dt:** 10/02/2013 | **Reg #:** 4542918 | **Reg. Dt:** 06/03/2014 |
| 6 | **Serial #:** 86165783<br>**Mark:** EVOPURE | **Filing Dt:** 01/15/2014 | **Reg #:** NONE | **Reg. Dt:** |
| 7 | **Serial #:** 86222425<br>**Mark:** EVO VAPOR | **Filing Dt:** 03/16/2014 | **Reg #:** 4631686 | **Reg. Dt:** 11/04/2014 |

## Assignor

1   NICOPURE LABS, LLC

**Exec Dt:** 08/27/2014
**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** NEW JERSEY

## Assignee

1   NICOPURE LABS, LLC
5909 NW 18TH DR.
GAINESVILLE, FLORIDA 32653

**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** FLORIDA

### Correspondence name and address
MARK J. INGBER
374 MILLBURN AVE., STE 301
MILLBURN, NJ 07041

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5
Web interface last modified: July 25, 2014 v.2.5

Search Results as of: 01/06/2015 03:44 PM

| HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT